Case Number: CACE-18-024246 Division: 04

Filing # 79278674 E-Filed 10/12/2018 03:18:30 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

JASON SIMIONE,

*Plaintiff,*

vs.

CASE NO. ________________

DEPUTY RICKY LIBMAN in his individual capacity as Deputy Sheriff of the Broward County Sheriff's Office, DEPUTY LUIS RIVERA, in his individual capacity as Deputy Sheriff of the Broward County Sheriff's Office, MEGUMI HAGA, an individual person, DONNA LEE PEPLIN, an individual person, *and* DANA HEINSEN, an individual person,

*Defendants.*

_________________________________/

RECEIVED RISK MANAGEMENT DIVISION

2018 NOV 27 AM 8: 34

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A: Deputy Luis Rivera
c/o Broward Sheriff's Office
201 West Broward Boulevard
Fort Lauderdale, FL 33312

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at:

Broward County Courthouse
Clerk of the Courts
201 S.E. 6th Street
Fort Lauderdale, FL 33301

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

EXHIBIT
A
tabbies

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

Joseph W. Gibson, Esq.
JOSEPH W. GIBSON, P.A.
19 West Flagler Street, Suite 417
Miami, FL 33130
(305) 377-2525; Fax: (305) 377-2528; E-Fax: (305) 675-2446
Joseph_gibson@bellsouth.net

**If the party serving summons has designated e-mail address(es) for service or is represented by an attorney, you may designate e-mail address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be served at the address on record at the clerk's office.**

**WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:

Broward County Courthouse
Clerk of the Courts
201 S.E. 6th Street
Fort Lauderdale, FL 33301

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser

despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia:

Joseph W. Gibson, Esq.
JOSEPH W. GIBSON, P.A.
19 West Flagler Street, Suite 417
Miami, FL 33130
(305) 377-2525; Fax: (305) 377-2528; E-Fax: (305) 675-2446
Joseph_gibson@bellsouth.net

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito *Clerk of the Circuit Court's office*. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address.) Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documentos e informacion. El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.**

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a:

Broward County Courthouse
Clerk of the Courts
201 S.E. 6th Street
Fort Lauderdale, FL 33301

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):

☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: ( )**
(Specify)

3

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes
☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Joseph Wimbert Gibson Jr. FL Bar No.: 344494
Attorney or party (Bar number, if attorney)

Joseph Wimbert Gibson Jr. 10/12/2018
(Type or print name) Date

Filing # 79278674 E-Filed 10/12/2018 03:18:30 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA**

**JASON SIMIONE,**

***Plaintiff,***

**vs.** **CASE NO. ______________**

**DEPUTY RICKY LIBMAN in his individual capacity as Deputy Sheriff of the Broward County Sheriff's Office, DEPUTY LUIS RIVERA, in his individual capacity as Deputy Sheriff of the Broward County Sheriff's Office, MEGUMI HAGA, an individual person, DONNA LEE PEPLIN, an individual person, *and* DANA HEINSEN, an individual person,**

***Defendants.***

______________________________/

**VERIFIED COMPLAINT**

Plaintiff, JASON SIMIONE, sues Defendants, DEPUTY RICKY LIBMAN in his individual capacity as Deputy Sheriff of Broward County Sheriff's Office; DEPUTY LUIS RIVERA, in his individual capacity as Deputy Sheriff of Broward County Sheriff's Office; MEGUMI HAGA, an individual person; DONNA LEE PEPLIN, an individual person; and DANA HEINSEN, an individual (collectively "Defendants"), alleging under 42 U.S.C. §§ 1983 and 1985, as follows:

1. This is a civil rights action pursuant to the U.S. Constitution and 42 U.S.C. § 1983 and § 1985, seeking redress from Defendants' deprivation, under Color of State Law, of Plaintiff's rights, privileges and immunities secured by the Constitution and Laws of the United States.

2. At all times herein, the Defendants knowingly, and with deliberate indifference to the Plaintiff's clearly established constitutional rights, conspired to, and did, deprive Plaintiff of his rights, privileges and immunities secured by the Constitution and Laws of the United States.

3. Defendants combined, conspired to, and did, cause Plaintiff's false arrest, depriving him of liberty and property interests guaranteed by the Fourteenth Amendment to the United States Constitution, and his right against illegal search and seizure guaranteed by the Fourth Amendment.

4. Plaintiff seeks a declaration that the Defendants conspired to, and did, cause his false arrest, seizure, loss of property and liberty, with compensatory damages to redress the injuries to Plaintiff's constitutional rights, and punitive damages to deter such violations in the future.

## JURISDICTION AND VENUE

5. The present action arises under both the Fourth and Fourteenth Amendments to the United States Constitution, and accrues pursuant to federal law under 42 U.S.C. §§ 1983 and 1985.

6. This Court also has jurisdiction under Article V, § 5(b), Fla. Const., as the causes of action arose in this Circuit, are not cognizable in County Court, and the amount in controversy exceeds $15,000.00, exclusive of interest, costs or attorney fees. §§ 26.012(2)(a), 34.01(1)(c), Fla. Stat.

7. Venue lies in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, as all of the core acts and injuries alleged herein occurred within the geographical boundaries of Broward County in the Seventeenth Judicial Circuit. § 47.011, Fla. Stat.

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff, JASON SIMIONE (hereinafter "SIMIONE"), was a resident of Broward County, Florida and was and is otherwise *sui juris*.

9. At all times material hereto, Defendant, RICKY LIBMAN (hereinafter "LIBMAN"), in his individual capacity, was *sui juris* and Deputy Sheriff of the Broward County Sheriff's Office.

10. At all times material hereto, Defendant, LUIS RIVERA (hereinafter "RIVERA"), in his individual capacity, was *sui juris* and Deputy Sheriff of the Broward County Sheriff's Office.

11. At all times material hereto, Defendants LIBMAN and RIVERA were acting under color of state law within the course and scope of their employment as Broward County Sheriff's Deputies, with deliberate indifference to SIMIONE's clearly established constitutional rights.

12. At all times material hereto, Defendant, MEGUMI HAGA (hereinafter "HAGA"), an individual resident of Broward County, Florida, was *sui juris*, and acting in conspiracy with each of the other Defendants to deprive SIMIONE of his clearly established constitutional rights.

13. At all times material hereto, the Defendant, DONNA LEE PEPLIN ("PEPLIN"), an individual resident of Broward County, Florida, was *sui juris*, and acting in conspiracy with each of the other Defendants to deprive SIMIONE of his clearly established constitutional rights.

14. At all times material hereto, Defendant, DANA HEINSEN ("HEINSEN"), an individual resident of New Jersey, was *sui juris*, and was acting in conspiracy with each of the other Defendants to deprive SIMIONE of his clearly established constitutional rights.

15. In August of 2013, SIMIONE was the respected owner/operator of a Defense Company, Bulldog Tactical Equipment, whose business was headquartered in Dania Beach, Florida, in Broward County.

16. On or about the evening of August 12, 2013, or the morning of August 13, 2013, SIMIONE was suddenly arrested by Deputies LIBMAN and RIVERA.

17. At the time of the above-described arrest, LIBMAN and RIVERA informed SIMIONE that LIBMAN and RIVERA intended to provide a complaint/arrest affidavit to the Office of the State Attorney for the Seventeenth Judicial Circuit, swearing LIBMAN and RIVERA had just and reasonable grounds to believe that SIMIONE had committed three (3) counts of the criminal felony offenses of Solicitation to Commit Murder, and that SIMIONE was under arrest.

18. Such criminal charges lacked any basis in fact, and stemmed from false allegations

of Defendants HAGA (then SIMIONE's wife who had been recently served with divorce), PEPLIN (SIMIONE's mother), and HEINSEN (a businesswoman), and knowingly perpetuated falsely by LIBMAN and RIVERA, that SIMIONE had contracted the murder of his wife, HAGA, his wife's mother, Naoko Hitomi, and brother, Kazhito Haga, as well as the couple's infant child.

19. Upon the arrest, LIBMAN and RIVERA informed SIMIONE that, due to his arrest on the above-stated criminal charges, SIMIONE would lose his liberty and ability to do business.

20. Also upon his arrest, LIBMAN and RIVERA informed SIMIONE they had spoken with HAGA about the allegations, and that HAGA agreed all five Defendants would state falsely that SIMIONE had committed the crimes later alleged within LIBMAN's and RIVERA's complaint/affidavit, claiming HAGA, her mother Naoko Hitomi, and brother Kazhito Haga, would be "victims" of SIMIONE's alleged crimes, and that Defendants would so testify against SIMIONE.

21. In fact, each of the allegations Defendants, LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN, conspired to make were false, and were known to be false when they were made.

22. Indeed, LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN knew all along their allegations against SIMIONE were false, but knowingly, intentionally, and with deliberate indifference for SIMIONE's clearly established constitutional rights, presented that information to law enforcement, the press, and the Office of the State Attorney of the Seventeenth Judicial Circuit.

23. As the direct and proximate result of the false allegations knowingly made by Defendants LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN, Plaintiff SIMIONE's otherwise good personal and business reputation were unjustifiably and irreparably ruined and smeared, causing SIMIONE significant loss to his business, invasion of his privacy, and loss of his liberty.

24. The front page headline of the Miami Herald's August 13, 2013 local section read, "Dania Beach businessman charged with hiring hitman to kill family."[1] The ensuing article stated:

> Just a few months ago, Jason Dennis Simione wrote on his Facebook page: "I have never been happier." He was married to a beautiful woman, president of a successful business, and the new father of a baby boy named Jett. But that happiness crumbled when his wife, Megumi "May" Simione, told him in July she wanted a divorce. Rather than give her up, Broward prosecutors say, Simione turned his home into a fortress rigged with bomb materials and filled with rifles, and tried to hire a hitman from El Salvador to kill his wife, mother-in-law, brother-in-law, and his 9-month-old baby boy. Simione, 39, was arrested Monday night, charged with three counts of solicitation to commit first-degree murder. He was also charged with threatening to discharge a destructive device, and child abuse. "The court is concerned with his alleged willingness to hire a hitman to kill everyone in his family including his own child," said Broward Circuit Court Judge John Hurley, in setting Simione's bail at $5 million.

25. The same article correctly described SIMIONE's legitimate business, but stated:

> Simione is the president of Bulldog Tactical Equipment LLC, based in Dania Beach. Bulldog's website says the company is "a leading supplier of tactical and assault equipment to government, military, and law enforcement organizations within the continental United States."
>
> * * *
>
> According to the arrest warrant, Simione asked a Salvadoran employee of his company if he knew "people" from his native country, because of its violent gang activity, who could commit murder. He then offered the employee, who was not named, $150,000 to arrange the killings of his wife, her mother, Naoko Hitomi and brother, Kazhito Haga, and the couple's baby, if he didn't get custody of the child. He added that he didn't care if the hit man raped his wife in the process, police said.
>
> * * *
>
> On Friday, May Simione met with BSO officials and said her husband had abused their child. She told them she was at her husband's workplace and Simione was holding the child when he got into an altercation with an employee. During a "violent outburst," Jason Simione threw the child onto a table, causing a contusion to the face and minor cut to the head. That night, she said, the Salvadoran employee told her of the plot to murder her and her family.

26. RIVERA was quoted as characterizing one fully legal inventory item as follows:

> "[T]hat [rifle] could put a hole through an engine block," according to Det. Louie Rivera, who described it as a military weapon. "That's not a gun you see every day."

---

[1] https://www.miamiherald.com/news/local/community/broward/article1954084.html

Filing # 79278674 E-Filed 10/12/2018 03:18:30 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:________________
Judge: ________________

Jason Simione
Plaintiff

vs.

Deputy Ricky Libman, Deputy Ricky Libman, Megumi Haga, Donna Peplin, Dana Heinsen
Defendant

---

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000
  - ☐ Other real property actions $50,001 - $249,999
  - ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Joseph W. Gibson, Esq.
JOSEPH W. GIBSON, P.A.
19 West Flagler Street, Suite 417
Miami, FL 33130
(305) 377-2525; Fax: (305) 377-2528; E-Fax: (305) 675-2446
Joseph_gibson@bellsouth.net

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address.) Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

**ATTENTION: La regle 12.285 des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: OCT 15 2018

CLERK OF THE CIRCUIT COURT

(SEAL)

By: [signature]
BRENDA D. FORMAN
Deputy Clerk

27. Defendants also made false and inflammatory political and racial accusations:

> According to the arrest warrant, Simione has frequently said President Barack Obama should be murdered because of his race. Simione, police say, also used racial epithets toward employees.

28. Similar articles repeating Defendants' false accusations were widely published in The New York Daily News,[2] NBC,[3] The Huffington Post,[4] and numerous other news publications.

29. In furtherance of their combination and conspiracy to injure SIMIONE's rights, Defendants LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN conspired to make, and in fact did actually make, knowingly false statements within an official complaint/arrest affidavit.

30. In furtherance of their conspiracy with individuals HAGA, PEPLIN and HEINSEN, Deputies LIBMAN and RIVERA presented to the Office of the State Attorney for the Seventeenth Judicial Circuit the aforementioned complaint/arrest affidavit and other documents purporting to support allegations of criminal conduct which, though they knew were false, they presented as true.

31. Relying upon the false sworn allegations of LIBMAN'S and RIVERA's complaint/arrest affidavit, the Office of the State Attorney of the Seventeenth Judicial Circuit filed a formal criminal information in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, charging SIMIONE with criminal offenses. Case No. 13-011396CF10A.

32. On or about August 13, 2013, SIMIONE was arrested and charged by information. The information filed as a result of each of the five named Defendants' false statements charged: (Counts I-III) three counts of the criminal felony offenses of Solicitation to Commit Murder,

---

[2] http://www.nydailynews.com/news/crime/florida-man-arsenal-weapons-explosives-busted-murder-for-hire-plot-kill-wife-mom-brother-police-article-1.1426692

[3] https://www.nbcmiami.com/news/local/South-Florida-Man-Accused-of-Trying-To-Have-Family-Killed-Beat-His-Dog-Authorities-219827281.html

[4] https://www.huffingtonpost.com/2013/08/14/jason-simione-hitman-florida_n_3754905.html

contrary to § 777.04(2), Fla. Stat. (1st degree felonies); (Count IV) Making a Destructive Device, contrary to § 790.161(1), Fla. Stat. (3rd degree felony); and (Count V) Culpable Negligence, contrary to § 784.05, Fla. Stat. (a second degree misdemeanor), in Case No. 13-011396CF10A.

33. The alleged conduct underlying criminal offenses charged in the above information was purported to have arisen out of the identical falsely alleged criminal conduct described *supra.*

34. On February 10, 2014, the Office of the State Attorney for the Seventeenth Judicial Circuit filed a Nolle Prosequi in Case No. 13-011396CF10A, declining to prosecute the charges of Solicitation to Commit Murder, and Culpable Negligence then pending against SIMIONE.[5]

35. SIMIONE was released from prison April 25, 2015, and, in May 2015, found his Toughbook® laptop, for which no search warrant had been obtained, had been hacked using a Norton Ghost® CD. Thus, SIMIONE immediately sent his Toughbook® to an expert for analysis.

36. The only persons having constructive access to the Toughbook® during the period between SIMIONE's arrest and his release from confinement were the five named Defendants.

37. SIMIONE first learned in May 2015 of the scope or object of the conspiracy to violate his constitutional rights, through his false his arrest, prosecution, taking of his business and property, which flowed from data taken from his Toughbook®, which was intentionally misappropriated by the five named Defendants making the false accusations.

38. SIMIONE also learned in May 2015 his multimillion dollar business had been taken through the use of data contained upon, and unlawfully seized from, his Toughbook® hard drive.

**COUNT I**
**FALSE ARREST AND CONSPIRACY TO FALSELY ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND 1985**

[5] SIMIONE entered a no contest plea to possessing destructive material without reference to other charges, the underlying facts and conviction for which are not at issue in this civil rights action. He was sentenced to 2 years' Imprisonment and 2 years' probation, all of which he has completed.

**[Against LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN, Each Individually]**

SIMIONE's first cause of action (vs LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN) restates and adopts by reference the allegations contained in ¶¶ 1 through 38, and further alleges:

39. At all times material hereto, LIBMAN and RIVERA were acting under the color of statutes, customs, policies and regulations of the State of Florida and, in combination with HAGA, PEPLIN and HEINSEN, conspired to violate SIMIONE's clearly established constitutional rights to be free from false arrest, search and seizure, contrary to the Fourth and Fourteenth Amendments.

40. LIBMAN and RIVERA falsely arrested SIMIONE, and, in combination with HAGA, PEPLIN and HEINSEN, procured the false arrest of SIMIONE on criminal charges, conspiring to falsely arrest SIMIONE, and procure the false arrest of SIMIONE, as alleged herein, in violation of SIMIONE's clearly established constitutional rights and privileges guaranteed by the Constitution of the United States, including his Fourth and Fourteenth Amendment rights, protected through 42 U.S.C. §§ 1983 and 1985. These rights and privileges include:

(a) The right and privilege to be free from unreasonable seizure of his person;

(b) The right and privilege to be free from the deprivation of liberty without due process of law;

(c) The right and privilege to be free from arrest without probable cause;

(d) The right and privilege to be free from the use of perjured, and/or false police reports, and/or false affidavits used to establish probable cause for arrest and prosecution;

(e) The right and privilege to be free from deceptive, and/or false and misleading statements and evidence provided to prosecuting authorities (State Attorney for the Seventeenth Judicial Circuit) as a basis for the filing of criminal charges and prosecution;

(f) The right and privilege to be free from conspiracies to falsely arrest him;

(g) The right and privilege to be free from conspiracies to create false, and/or

deceptive affidavits to establish probable cause for arrest; and

(h) The right and privilege to be free from conspiracies to provide false, and/or deceptive affidavits, and to provide false evidence to prosecuting authorities (State Attorney for the Seventeenth Judicial Circuit).

41. At all times material hereto, LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN acted with malicious intent to cause SIMIONE's false arrest and deprivation of constitutional rights, as alleged herein, and acted willfully, wantonly, and with gross disregard for SIMIONE's rights. The Defendants' conduct, at all times material hereto, was motivated by evil motive or intent, and involved callous, deliberate indifference to SIMIONE's clearly established constitutional rights.

42. As the direct and proximate result of LIBMAN's, RIVERA's, HAGA's, PEPLIN's and HEINSEN's violation of SIMIONE's clearly established constitutional rights and privileges, as alleged herein, SIMIONE has suffered loss of gainful income, attorney's fees incurred as a result of his false arrest and prosecution, Bulldog Equipment's manufacturing equipment, material and inventory, mental pain and suffering, including embarrassment, humiliation, deprivation of liberty, disgrace and injury to his feelings and reputation. Such mental pain and suffering is ongoing and will continue into the future. Plaintiff has suffered loss of income and earning capacity in the past and will continue to suffer loss of earning capacity into the future.

43. SIMIONE has retained legal counsel in order to seek the relief herein, and is entitled to reimbursement of his attorney's fees and costs pursuant to 42 U.S.C. §§ 1983, 1985, and 1988.

WHEREFORE, SIMIONE demands judgment against Defendants LIBMAN, RIVERA, HAGA, PEPLIN and HEINSEN, individually, for actual, compensatory damages, punitive damages, attorney's fees, costs, and such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEPRIVATION OF PROTECTED PROPERTY INTEREST**

**WITHOUT DUE PROCESS OF LAW IN VIOLATION OF 42 U.S.C. § 1983**

**[Against LIBMAN and RIVERA, individually]**

SIMIONE's second cause of action (as to LIBMAN and RIVERA, each individually) restates and adopts by reference the allegations contained in ¶¶ 1 through 38, and further alleges:

44. At all times material hereto LIBMAN and RIVERA were acting under color of law, to wit: under the laws, statutes, ordinances, rules, regulations, customs, policies, or usages of the State of Florida, of its political subdivisions, and of the Broward County Sheriff's Office.

45. At all times material hereto, SIMIONE had a protected property interest in his existing and continued business enterprise, and that business enterprise's real and personal property, guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

46. SIMIONE's arrest and removal of his ability to conduct his business was a sham.

47. SIMIONE had no advance notice he was about to be arrested, prevented from doing business, or have his property taken, nor any notice as to such a plan. It was only after his release from prison that he learned of the scheme to violate his rights and the identities of the schemers.

48. LIBMAN and RIVERA provided the State Attorney for the Seventeenth Judicial Circuit of Florida with a sworn complaint/arrest affidavit falsely purporting that they possessed reasonable grounds to believe that SIMIONE had committed the alleged offenses described herein.

49. Material allegations in the complaint/arrest affidavit LIBMAN and RIVERA gave to the State Attorney for the Seventeenth Judicial Circuit were knowingly false and misleading.

50. As SIMIONE later discovered, HAGA and others had entered SIMIONE's home in Stuart, Florida, and staged a crime scene, planting evidence in the garage and on the kitchen counter, which housekeeper, Brian White, discovered and destroyed just days before the arrival of

HAGA, RIVERA, the Martin County Sheriff's Office Bomb Squad, Hazmat Team, and others. Brian White informed solely PEPLIN of the planted evidence that he had removed and destroyed.

51. RIVERA and LIBMAN later made false statements under oath at their depositions in the criminal case which had been brought against SIMIONE, misstating the foregoing events.

52. When SIMIONE asked why he was being accused, LIBMAN and RIVERA stated the action was LIBMAN's and RIVERA's decision, and refused to offer any other explanation.

53. The complaint/arrest affidavit was typed at LIBMAN's and RIVERA's direction.

54. Despite the absence of any explanation as to why he was being accused of and threatened with unfounded criminal charges, SIMIONE nevertheless complied with the remaining requirements of the law, submitting without resistance to LIBMAN's and RIVERA's directions.

55. LIBMAN and RIVERA participated in and/or were the moving force behind the deprivation of SIMIONE's right to his property and continued business income as set forth above.

56. At the time LIBMAN and RIVERA accused SIMIONE, threatened him with arrest, and arrested him, as described above, LIBMAN and RIVERA lacked reasonable probable cause to believe that grounds for criminal charges existed because the stated grounds for his arrest could not be substantiated, and there existed no reasonable grounds for his arrest pursuant to State law.

57. LIBMAN's and RIVERA's arrest of SIMIONE was purely coercive.

58. SIMIONE's submission to arrest was made under duress and the result of coercion. SIMIONE was prevented from making a free and informed choice, as his arrest was involuntary, and he was constructively deprived of his property and right to earn livelihood from his business.

59. LIBMAN and RIVERA caused SIMIONE's business enterprise to be terminated without due process of law in that SIMIONE: (1) was arrested without just cause and in violation

of state law and procedures; (2) was not given adequate prior written or oral notice of the charges against him; and (3) was not provided with an explanation of the evidence against him.

60.   The acts of LIBMAN and RIVERA in depriving SIMIONE of his constitutionally protected property interest in continued business enterprise, as further alleged herein, constituted a violation of SIMIONE's clearly established and well-settled constitutional rights and privileges.

61.   The actions of LIBMAN and RIVERA as set forth in this count were intentional, willful, and malicious, and/or motivated by evil motive or intent, and/or involved reckless or callous deliberate indifference to SIMIONE's due process rights under the Fourteenth Amendment to the United States Constitution, as intended to be enforced through 42 U.S.C. § 1983.

62.   As the direct and proximate result of LIBMAN's and RIVERA's violation of SIMIONE's due process right to protection of his property interest in his continued business, he has suffered mental pain and suffering, including embarrassment, humiliation, disgrace and injury to his feelings, as well as to his reputation, and theft/loss of patented military products, patterns, fabric, and machinery, all of which is ongoing and will continue into the future.

63.   As the direct and proximate result of LIBMAN's and RIVERA's foregoing violations, SIMIONE has suffered significant loss of his income and earning capacity in the past, and will continue to suffer significant loss of his income and earning capacity in the future.

64.   SIMIONE has retained legal counsel in order to seek the relief herein, and is entitled to reimbursement of his attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, SIMIONE demands judgment against Defendants LIBMAN and RIVERA in their individual capacities, for actual, compensatory damages, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems just and proper under the circumstances.

**COUNT III**
**DEPRIVATION OF PROTECTED LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW IN VIOLATION OF 42 U.S.C. § 1983**

**[Against LIBMAN and RIVERA, individually]**

SIMIONE's second cause of action (as to LIBMAN and RIVERA, each individually) restates and adopts by reference the allegations contained in ¶¶ 1 through 38, and further alleges:

65. At all times material hereto, LIBMAN and RIVERA were acting under color of law, to wit: under the laws, statutes, ordinances, rules, regulations, customs, policies, or usages of the State of Florida, of its political subdivisions, and of the Broward County Sheriff's Office.

66. At all times material hereto, SIMIONE had a protected liberty interest and right to due process of law when Defendants falsely arrested him, deprived him of liberty, destroyed his good name, reputation, honor, integrity, and income, making his false arrest known to the public.

67. SIMIONE's arrest and criminal charges received widespread media coverage.

68. The purported justifications for SIMIONE's arrest were the criminal charges filed against him, which were predicated upon the Defendants' false statements further described herein.

69. SIMIONE's arrest, due to Defendants' false reports, also damaged his reputation.

70. At all material times, the criminal allegations reported by LIBMAN and RIVERA, and described by the media, were false and of a stigmatizing nature, and SIMIONE denies the truth of all allegations that he solicited his own family's murder, for which he was charged and which was reported by the media, and further asserts that all allegations damaging his reputation are false.

71. As the criminal allegations made by LIBMAN and RIVERA were knowingly false, SIMIONE's arrest and loss of liberty were not based even upon arguable probable cause.

72. The stated reasons for SIMIONE's arrest by LIBMAN and RIVERA, and resulting

loss of liberty, were intentionally disclosed to the public, ruining his reputation and income.

73. LIBMAN and RIVERA created and disseminated a false and defamatory impression of SIMIONE in connection with his arrest and the nature of his business, and failed to provide SIMIONE an opportunity, prior to LIBMAN's and RIVERA's actions, in which to clear his name.

74. As the direct and proximate result of SIMIONE's false arrest, he has suffered, and will continue to suffer, damage to his reputation and unwarranted damage to his business income, as alleged herein, and SIMIONE has, as the direct consequence, suffered, and continues to suffer, permanent exclusion from, and protracted interruption of, his ability to make a gainful living.

75. As the direct and proximate result of the violation of SIMIONE's constitutionally protected liberty interest, SIMIONE has suffered loss of earnings, mental pain and suffering, including embarrassment, humiliation, disgrace and injury to his feelings and reputation, all of which are ongoing and will continue into the future. SIMIONE has suffered loss of income and earning capacity in the past and will continue to suffer loss of earning capacity into the future.

76. SIMIONE has retained undersigned counsel to seek the relief sought herein and is entitled to reimbursement of his attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, SIMIONE demands judgment for actual, compensatory and punitive damages, attorney's fees, costs, and such other and further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff, JASON SIMIONE, hereby demands trial by jury upon all such issues so triable.

**JOSEPH W. GIBSON, JR., P.A.**
*Counsel for Plaintiff*
19 West Flagler Street, Suite 417
Miami, Florida 33130

(305) 377-2525 (phone)
(305) 675-2446 (fax)
joseph gibson@bellsouth.net

By: */s/ Joseph W. Gibson, Jr.*
Joseph W. Gibson, Jr., Esq.
Florida Bar No. 344494

**[VERIFICATION ON NEXT PAGE]**

**VERIFICATION OF JASON D. SIMIONE**

Under penalty of perjury, I, JASON D. SIMIONE, declare I have read the foregoing Verified Complaint and the facts alleged therein are true and correct.

JASON D. SIMIONE

State of Florida

County of Broward

The foregoing instrument was sworn to or affirmed and subscribed before me this 03 day of October, 2018, by JASON D. SIMIONE, who is personally known to me [ ] or has produced FL Driver License as identification [x].

Print Name: AGOSTINA PAZA

Notary Public, State of Florida

My Commission Expires: 07/31/2021

# SUMMONS/COMPLAINT RECEIVED BY OFFICE OF THE GENERAL COUNSEL

| DATE REC'D IN LEGAL | STYLE OF CASE & CASE NUMBER | PARTY & DATE RECEIVED | DATE SUIT WAS GIVEN TO RISK | ASSIGNED COUNSEL | SERVED IN PERSON | *MONITOR* UNSIGNED WAIVER |
|---|---|---|---|---|---|---|
| | CACE-18-024246(4) | | | | | |
| | Jason Simione vs. Deputy Ricky Libman, Deputy Luis Rivera et Al | | | | 1 | 1 |

## DEPUTY CONTACT INFORMATION

NAME: Sgt. Luis Rivera CCN# 12590

SHIFT: 8am-4pm DISTRICT/FACILITY/WORK LOCATION: Central Courthouse.

WORK PHONE: ______ HOME PHONE: ______

CELL PHONE: 954-818-3763 PAGER: ______

HOW RECEIVED? INTEROFFICE MAIL FROM Process server- US MAIL ______

OTHER: (please specify) ______

COMMENTS: ______

SIGNATURE OF DEPUTY OR EMPLOYEE WHO HAND DELIVERED: [signature]

H:\DOCS\FORMS\LAWSUITFORM_2

# Broward Sheriff's Office

## Internal Affairs - Report by Accused Employee

### Closed Records Report

**Employee Name: 12590 Luis Rivera**

**Incidents:**

**Case #:** TI-10-0086 **Incident Date:** Jun 17, 2010 **Closed Date:** Nov 19, 2010

**Sworn:** Law Enforcement **Position:** Deputy Sheriff - DLE

**Charges:**

7.7.1 Preventable Accident
Final Disposition: Nov 19, 2010 Sustained

Final Recommendation: Counsel /Driver Improvement Training

**Incidents:**

**Case #:** IA2017-0297 **Incident Date:** Dec 11, 2017 **Closed Date:** May 9, 2018

**Sworn:** Law Enforcement **Position:** Deputy Sheriff - DLE

**Charges:**

2.32.2 Harassment
Final Disposition: June 18, 2018 - Not Sustained

2.3 Conduct Unbecoming an Employee

Final Disposition: June 18, 2018 - Sustained

Final Recommendation: Counseling

# Broward Sheriff's Office

## Internal Affairs - Report by Accused Employee

### Closed Records Report

### Employee Name: 15933 Ricky Libman

**Incidents:**

| **Case #:** | | **Incident Date:** | | **Closed Date:** |
|---|---|---|---|---|
| **Sworn:** | Law Enforcement | **Position:** | Deputy Sheriff - DLE/CC | |

**Charges:**

No charges reported

No cases reported

# BSO Pics

- Home
- Quick Search
- Advanced Search
- Juvenile Search (Secured)
- FAQ

| # 1 | # 2 | # 3 | # 4 |
|---|---|---|---|
|  |  |  |  |
| Jason Simione | Jason Simione | Jason Simione | Jason Simione |
| DOB: 2/10/1974 | DOB: 2/10/1974 | DOB: 2/10/1974 | DOB: 2/10/1974 |
| BCCN: 827514 | BCCN: 827514 | BCCN: 827514 | BCCN: 827514 |
| JMS No: 801700925 | JMS No: 501403595 | JMS No: 501401667 | JMS No: 501305372 |
| Case No: | Case No: | Case No: | Case No: 13081491 |
| Arrest Date: 7/20/2017 | Arrest Date: 6/17/2014 | Arrest Date: 3/11/2014 | Arrest Date: 8/12/2013 |

© Broward Sheriff's Office - All rights reserved.
General assistance **BSOPICS_Support@sheriff.org**
Technical issues **AppSupport@sheriff.org**



- Home
- Quick Search
- Advanced Search
- Juvenile Search (Secured)
- FAQ

## Offender: Jason Simione

Photo Array

### Profile Details

| | | | |
|---|---|---|---|
| **JMS/Arrest No** | 501305372 | **BCCN** | 827514 |
| **DOB** | Sunday, February 10, 1974 | **Age** | 44 |
| **Race** | W | **Gender** | M |
| **Hair Color** | BRO | **Eye Color** | BRO |
| **Height** | 5ft 8in | **Weight** | 252 |
| **Age At Arrest** | 39 | **Home Address** | 4732 SW 35TH AVE, DANIA FL |
| | | View Arrest History | |

### Arrest Details

| | | | |
|---|---|---|---|
| **Arresting Agency** | BROWARD SHERIFF'S OFFICE | | |
| **Arrest Date** | Monday, August 12, 2013 10:45:00 AM | **Case Number** | 13-08-1491 |
| **Arrest Location** | 3200 N FEDERAL FT LAUD | **Arresting Officer** | GONZALEZ |
| **Status** | Out of Custody - | **Released Date** | Thursday, February 13, 2014 |
| **Release Comments** | | | |

### Scars, Marks, Tattoos

| SMT Abbreviation | SMT Detail |
|---|---|
| TAT R ARM | JETT WITH DRAGON |

| | |
|---|---|
| SC L WRIST | |
| TAT R SHLD | BULLDOG |
| TAT CHEST | FACE OF SELF AND SON |

## Alias (AKA)

| First | Middle | Last |
|---|---|---|
| JASON | | SIMIONE |
| JASON | D | SIMIONE |

## Charge(s) Information

| Charge # | Agency | Case Number | Statute | Description | Comment | Bond Type | Bond Amount | Status |
|---|---|---|---|---|---|---|---|---|
| 1 | | TEMP13040AF | 777.04-4b | CRIMINAL ATTEMPT SOLICIT CONSPIRE CAPITAL FEL | SOLICITATION TO COMMIT FIRST DEGREE MURDER | NA | 0 | NOLLE PROS |
| 2 | | TEMP13040AF | 777.04-4b | CRIMINAL ATTEMPT SOLICIT CONSPIRE CAPITAL FEL | SOLICITAION TO COMMIT FIRST DEGREE MURDER | NA | 0 | NOLLE PROS |
| 3 | | TEMP13040AF | 777.04-4b | CRIMINAL ATTEMPT SOLICIT CONSPIRE CAPITAL FEL | SOLICITATION TO COMMIT FIRST DEGREE MURDER | NA | 0 | NOLLE PROS |
| 4 | | TEMP13040AF | 790.161-1(1) | THROW PROJECT ETC ATTEMPT DESTRUCTIVE DEVICE | COC FRM DESTR DEV-PUBLIC DISRUPTION-MAKE/POSS/THROW | NA | 0 | SENTENCED STATE |
| 5 | | TEMP13040AF | 784.05-1 | CULPABLE NEGLIGENCE EXPOSURE TO HARM | CHILD ABUSE | NA | 0 | NOLLE PROS |
| 6 | | 13011453CF10A | 828.12-2 | CAUSE CRUEL DEATH PAIN AND SUFFERING-ANIMAL | | NA | 0 | NO INFO |

## Warrant Narrative Search

Click here to open warrant narrative search

© Broward Sheriff's Office - All rights reserved.
General assistance **BSOPICS_Support@sheriff.org**
Technical issues **AppSupport@sheriff.org**

- Home
- Quick Search
- Advanced Search
- Juvenile Search (Secured)
- FAQ

## Offender: Jason Simione

Photo Array

## Profile Details

| | | | |
|---|---|---|---|
| **JMS/Arrest No** | 501401667 | **BCCN** | 827514 |
| **DOB** | Sunday, February 10, 1974 | **Age** | 44 |
| **Race** | W | **Gender** | M |
| **Hair Color** | BRO | **Eye Color** | BRO |
| **Height** | 5ft 8in | **Weight** | 252 |
| **Age At Arrest** | 40 | **Home Address** | 4732 SW 35TH AVE, DANIA FL |
| | | | View Arrest History |

## Arrest Details

| | | | |
|---|---|---|---|
| **Arresting Agency** | BROWARD SHERIFF'S OFFICE | | |
| **Arrest Date** | Tuesday, March 11, 2014 7:20:00 AM | **Case Number** | |
| **Arrest Location** | APALACHEE CI | **Arresting Officer** | GARSKE |
| **Status** | Out of Custody - | **Released Date** | Monday, April 21, 2014 |
| **Release Comments** | | | |

## Scars, Marks, Tattoos

| SMT Abbreviation | SMT Detail |
|---|---|
| TAT R ARM | JETT WITH DRAGON |
| SC L WRIST | |
| TAT R SHLD | BULLDOG |
| TAT CHEST | FACE OF SELF AND SON |

## Alias (AKA)

| First | Middle | Last |
|---|---|---|
| JASON | | SIMIONE |
| JASON | D | SIMIONE |

## Charge(s) Information

| Charge # | Agency | Case Number | Statute | Description | Comment | Bond Type | Bond Amount | Status |
|---|---|---|---|---|---|---|---|---|
| 1 | | DVCE13-005459 | CRT-ORDER | COURT ORDER | CIVIL HEARING DIVORCE | NA | 0 | JUDGE ORDR |

## Holder Information

| | |
|---|---|
| **Holder Number** | 1 |
| **Applied Date** | Wednesday, March 12, 2014 |
| **Holder Description** | DEPARTMENT OF CORRECTIONS |

## Warrant Narrative Search

Click here to open warrant narrative search

© Broward Sheriff's Office - All rights reserved.
General assistance **BSOPICS_Support@sheriff.org**
Technical issues **AppSupport@sheriff.org**



- Home
- Quick Search
- Advanced Search
- Juvenile Search (Secured)
- FAQ

## Offender: Jason Simione

Photo Array

### Profile Details

| | | | |
|---|---|---|---|
| **JMS/Arrest No** | 501403595 | **BCCN** | 827514 |
| **DOB** | Sunday, February 10, 1974 | **Age** | 44 |
| **Race** | W | **Gender** | M |
| **Hair Color** | BRO | **Eye Color** | BRO |
| **Height** | 5ft 8in | **Weight** | 237 |
| **Age At Arrest** | 40 | **Home Address** | 3706 SW 30TH AVE, FT LAUDERDALE FL |
| | | | View Arrest History |

### Arrest Details

| | | | |
|---|---|---|---|
| **Arresting Agency** | BROWARD SHERIFF'S OFFICE | | |
| **Arrest Date** | Tuesday, June 17, 2014 6:00:00 AM | **Case Number** | |
| **Arrest Location** | APALACHEE WEST UNIT | **Arresting Officer** | TODARO |
| **Status** | Out of Custody - | **Released Date** | Monday, July 7, 2014 |
| **Release Comments** | | | |

## Scars, Marks, Tattoos

| SMT Abbreviation | SMT Detail |
|---|---|
| TAT R ARM | JETT WITH DRAGON |
| SC L WRIST | |
| TAT R SHLD | BULLDOG |
| TAT CHEST | FACE OF SELF AND SON |

## Alias (AKA)

| First | Middle | Last |
|---|---|---|
| JASON | | SIMIONE |
| JASON | D | SIMIONE |

## Charge(s) Information

| Charge # | Agency | Case Number | Statute | Description | Comment | Bond Type | Bond Amount | Status |
|---|---|---|---|---|---|---|---|---|
| 1 | | 2013-4716 CJDP | CRT-ORDER MISD | COURT ORDER MISD | CHILD DEPENDENCY HEARING | NA | 0 | JUDGE ORDR |

## Holder Information

| | |
|---|---|
| **Holder Number** | 1 |
| **Applied Date** | Tuesday, June 17, 2014 |
| **Holder Description** | DEPARTMENT OF CORRECTIONS |

## Warrant Narrative Search

Click here to open warrant narrative search

© Broward Sheriff's Office - All rights reserved.
General assistance **BSOPICS_Support@sheriff.org**
Technical issues **AppSupport@sheriff.org**



- Home
- Quick Search
- Advanced Search
- Juvenile Search (Secured)
- FAQ

## Offender: Jason Simione

Photo Array

## Profile Details

| | | | |
|---|---|---|---|
| **JMS/Arrest No** | 801700925 | **BCCN** | 827514 |
| **DOB** | Sunday, February 10, 1974 | **Age** | 44 |
| **Race** | W | **Gender** | M |
| **Hair Color** | BRO | **Eye Color** | BRO |
| **Height** | 5ft 8in | **Weight** | 237 |
| **Age At Arrest** | 43 | **Home Address** | 4732 SW 35TH AV, DANIA BEACH FL |
| | | | View Arrest History |

## Arrest Details

| | | | |
|---|---|---|---|
| **Arresting Agency** | MAIN JAIL | | |
| **Arrest Date** | Thursday, July 20, 2017 11:23:00 AM | **Case Number** | |
| **Arrest Location** | 555 SE 1ST AVE FT LAUDERDALE FL 33301 | **Arresting Officer** | RODRIGUEZ |
| **Status** | Out of Custody - | **Released Date** | Thursday, July 27, 2017 |
| **Release Comments** | | | |

## Scars, Marks, Tattoos

| SMT Abbreviation | SMT Detail |
|---|---|
| TAT R ARM | JETT WITH DRAGON |
| SC L WRIST | |
| TAT R SHLD | BULLDOG |
| TAT CHEST | FACE OF SELF AND SON |

## Alias (AKA)

| First | Middle | Last |
|---|---|---|
| JASON | | SIMIONE |
| JASON | D | SIMIONE |

## Charge(s) Information

| Charge # | Agency | Case Number | Statute | Description | Comment | Bond Type | Bond Amount | Status |
|---|---|---|---|---|---|---|---|---|
| 1 | | 13011396CF10A | VOP-FEL | VIOL OF PROB - FEL | MAKE DESTRUCT DEVICE | NA | 0 | PROB RNSTD |

## Warrant Narrative Search

Click here to open warrant narrative search

© Broward Sheriff's Office - All rights reserved.
General assistance **BSOPICS_Support@sheriff.org**
Technical issues **AppSupport@sheriff.org**

Case Number: CACE-18-024246 (64)
Filing # 79278674

Jason Simione Plaintiff,
vs
Dep. Rickey Libman
Dep. Luis Rivera
Megumi Haga
Donna Lee Peplin
Dana Heinsen

My Written Response to Complaint

RECEIVED
NOV 13 2018

Broward County Courthouse
Clerk of the Courts
201 SE 6th Street
Fort Lauderdale, FL 33301
November 12th, 2018

Please assign this email as the designated email address for service
donna@tyestudios.com

Donna Lee Peplin 3397 SW 44 Court, Fort Lauderdale, FL 33312 to the best of my recollection I have never met or had ANY conversation with Dana Heinsen, Deputy Rickey Libman or Deputy Luis Rivera. Neither in person, email or phone.

The only contact other than court with Megumi Haga was when she contacted me after leaving Jason Simione, Jett was breastfeeding I estimate he was about four-five months old Jason Simione had claimed she kidnapped Jett and he had authorities remove the infant from her care. This was the first time I had any contact with Magumi Haga, she was distressed and called me mother to mother. We met at an apartment on Sunrise where she took up temporary asylum. We discussed her feelings as a mother and her concerns. This was the ONLY time I had any contact with Magumi Haga, she asked me if I would testify against Jason Simione mental health and my reply was NO as I am not a Doctor.

At that time (2013) Jason Simione and I had a strained parent/son relationship and had not spoken since 2005.

I never had any access to a Toughbook computer, my association with Bulldog Equipment ended in 2005.

I never conspired with Magumi Haga, Dana Heinsen, Dep. Rickey Libman or Dep. Luis Rivera. I never issued any false statements within any official /complaint affidavit.

Donna Lee Peplin

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

JASON SIMIONE, CACE-18-024246

Plaintiff,

vs.

DEPUTY RICKY LIBMAM, in his individual capacity as Deputy Sheriff of the Broward County Sheriff's Office, DEPUTY LUIS RIVERA, in his individual capacity as Deputy Sheriff of the Broward County Sheriff's Office, MEGUMI HAGA, an individual person, DONNA LEE PEPLIN, an individual person and DANA HEINSEN, an individual person,

Defendants.
_____________________________________/

**DEFENDANT'S MOTION TO DISMISS**

Defendant, MEGUMI HAGA, *Pro Se*, files this her Motion to Dismiss the Verified Complaint filed against her by Plaintiff, JASON SIMIONE, and states:

1. The Verified Complaint fails to state a cause of action against this Defendant for which relief can be granted.

2. The Verified Complaint violates the applicable statute of limitations and must be barred as a matter of law.

WHEREFORE Defendant, MEGUMI HAGA, asks this court to grant her Motion to Dismiss the Verified Complaint filed against her by Plaintiff, JASON SIMIONE, and to provide such other and further relief as this courts deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by via e-mail by using the Florida Courts eFiling Portal to Joseph W. Gibson, Esq., JOSEPH W. GIBSON, P.A., 19 West Flagler Street, Suite 417, Miami, Florida 33130, on this _____ day of November, 2018.

By: /s/ Megumi Haga
MEGUMI HAGA, *Pro Se*
P.O. Box 21304
Fort Lauderdale, Florida 33335
Tel: (320) 318-3482
E-mail:

STATE OF FLORIDA
COUNTY OF __________

The foregoing instrument was acknowledged before me this ______ day of November 2018, by MEGUMI HAGA.

(Seal)

____________________________
Signature of NotaryPublic
Print, Type/Stamp Name of Notary

Personally known:________________________
OR Produced Identification: ________________________
Type of Identification Produced:________________________