UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-63037-CIV-SMITH/VALLE

JASON SIMIONE,

    Plaintiff,

v.

RICKY LIBMAN, *et al*,

    Defendants.

_____/

## ORDER GRANTING MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants Luis Rivera and Ricky Libman's Motions to Dismiss (ECF Nos. 6, 31). The moving Defendants contend that Plaintiff's Complaint (ECF No. 1-3 ("Compl.")) is due to be dismissed with prejudice because Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are barred by the statute of limitations; alternately, Defendants argue that the Complaint is a shotgun pleading; that Defendants' actions were protected by the qualified immunity defense; and that Plaintiff fails to state a claim for which relief can be granted. The Court has carefully reviewed the Motions to Dismiss, Plaintiff's Response (ECF No. 12), Defendant Rivera's Reply (ECF No. 14), the applicable law, and the record as a whole. For the reasons set forth below, Plaintiff's claims are barred by the statute of limitations, and thus the Court need not reach the merits of Defendants' alternative arguments.

**I.    BACKGROUND**

Plaintiff Jason Simione originally filed this action in state court on October 12, 2018, against Defendants Ricky Libman and Luis Rivera, in their individual capacities as Deputy Sheriffs of the Broward County Sheriff's Office, and against Defendants Megumi Haga, Donna

1

Lee Peplin, and Dana Heinsein. The case was removed to this Court on December 12, 2018 (ECF No. 1). The Complaint pleads three counts: (1) false arrest and conspiracy to falsely arrest in violation of 42 U.S.C. §§ 1983 and 1985 (against all Defendants); (2) deprivation of protected property interest without due process of law in violation of 42 U.S.C. § 1983 (against Libman and Rivera); and (3) deprivation of protected liberty interest without due process of the law in violation of 42 U.S.C. § 1983 (against Libman and Rivera). (Compl. at 7-14).

The allegations stem from Plaintiff's arrest on August 12 or 13, 2013, by Deputies Libman and Rivera. (Compl. ¶ 16). At the time of the arrest, Libman and Rivera informed Plaintiff that they had reasonable grounds to believe that Plaintiff had committed three counts of criminal felony offenses of solicitation to commit murder, and that Plaintiff was under arrest. (*Id.* ¶ 17). Plaintiff alleges that these criminal charges lacked any basis in fact and stemmed from the false allegations of Megumi Haga (Plaintiff's wife, soon to be divorced), Donna Lee Peplin (Plaintiff's mother), and Dana Heinsein (a "businesswoman") that Plaintiff contracted the murder of his wife Haga and her family. (*Id.* ¶ 18). Relying on these allegations, on August 13, 2013, the Office of the State Attorney of the Seventeenth Judicial Circuit filed an information against Plaintiff and formally charged him with three counts of solicitation to commit murder, one count of making a destructive device, and one count of culpable negligence. (*Id.* ¶ 32). On February 10, 2014, the State Attorney filed a nolle prosequi on the solicitation to commit murder and culpable negligence charges; Plaintiff entered a no contest plea on the destructive device count and was sentenced to two years imprisonment. (*Id.* ¶ 34).

Plaintiff was released from prison on April 25, 2015. (*Id.* ¶ 35). In May 2015, Plaintiff alleges that he discovered "the scope or object of the conspiracy to violate his human rights" by the five Defendants. (*Id.* ¶ 37). Plaintiff discovered that his laptop had been hacked and that data

relating to his business had been seized. (*Id.* ¶ 38). Plaintiff also allegedly discovered that Haga and others had entered Plaintiff's house and staged a crime scene by planting evidence, which was destroyed by a housekeeper just before the authorities arrived. (*Id.* ¶ 50).

## II. STANDARD ON MOTION TO DISMISS

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's consideration is limited to the allegations in the complaint. *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

## III. DISCUSSION

Defendants move for dismissal on the grounds that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are barred by the statute of limitations, as well as that the Complaint is a shotgun pleading, the qualified immunity defense shields Defendants from liability, and Plaintiff fails to state a claim. The Court addresses the threshold issue of the statute of limitations first.

§ 1983 provides a federal cause of action for persons subjected to the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

3

Columbia." 42 U.S.C. § 1983. § 1985 provides, among other things, a cause of action for persons deprived of these aforementioned rights by a conspiracy of two or more persons. *See* 42 U.S.C. § 1985(3). Because §§ 1983 and 1985 do not expressly contain statute of limitations periods, courts must look to the law of the state in which the cause of action arose—specifically, the limitation period applicable to personal injury torts of that state. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Shepherd v. Wilson*, 663 F. App'x 813, 817 (11th Cir. 2016). Thus, in a § 1983 or § 1985 case brought in the forum state of Florida, the statute of limitations is four years. *See* Fla. Stat. 95.11(3)(o) ("W[ithin four years] . . . an action for . . . false arrest"); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985"); *Bloom v. Miami-Dade Cty.*, No. 06-21879-CIV, 2010 WL 9499082, at *3 (S.D. Fla. Mar. 19, 2010) ("Plaintiffs' claim of conspiracy is subject to a statute of limitations of four years.") (citing Fla. Stat. § 95.11(3)(p)), *aff'd sub nom. Bloom v. Alvereze*, 498 F. App'x 867 (11th Cir. 2012). Conversely, the question of when the statute of limitations period begins to run is one of federal law. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). The Supreme Court has held that accrual occurs when the plaintiff has a "complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388. Specifically, the statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment begins to run "at the time the claimant becomes detained pursuant to legal process." *Id.* at 397.

Plaintiff alleges that he was falsely arrested "[o]n or about the evening of August 12, 2013, or the morning of August 13, 2013," which is the genesis event for all of his claims. (Compl. ¶ 16). Thus, the four-year statute of limitations for his § 1983 claims ran until August 2017. Plaintiff filed this action on October 12, 2018, over a year after the limitations period had expired. As such,

Plaintiff's claims are time-barred by the applicable statute of limitations and must be dismissed. In general, once a limitations period has run, the action is barred, regardless of how meritorious a plaintiff's claims are. *Lewis v. Broward Cty. Sch. Bd.*, 489 F. App'x 297, 298 (11th Cir. 2012).

Plaintiff argues that his claims are brought timely because the statute of limitations started running after he was released from prison on April 25, 2015, and once he discovered that Defendants had staged a fake crime scene and hacked his laptop in May 2015; thus, according to Plaintiff, his claims filed on October 12, 2018 are within the four-year statute of limitations period. However, as explained above, the statute of limitations for § 1983 claims for a false arrest accrues when the plaintiff has a "complete and present cause of action"—specifically, "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 388; *Shepherd*, 663 F. App'x at 817. Following this standard, Plaintiff's § 1983 claims began to run when he was arrested and "detained pursuant to legal process." Thus, his claims brought under § 1983 for Counts 1, 2, and 3, are all untimely under the four-year statute of limitations.

The remaining conspiracy count brought under § 1985 must also be dismissed as time-barred. A cause of action for conspiracy requires "an agreement between two or more persons to achieve an illegal objective, one or more overt acts pursuant to that agreement, and resulting injury to the plaintiff." *Bloom*, 2010 WL 9499082, at *2 (internal citation omitted). "The cause of action begins to accrue when the last element has occurred." *Id.* Plaintiff's Complaint alleges that his injuries, though ongoing, began at the time of his arrest, which was in August 2013. (Compl. ¶¶ 41-42). Thus, Plaintiff's conspiracy claim, like his other claims, began to run at the time of his allegedly false arrest, and must too be barred by the four-year statute of limitations and dismissed. *See also Hayward v. Lee Cty. Sheriff's Office*, No. 214CV244FTM29MRM, 2017 WL 6550866, at *3 (M.D. Fla. Oct. 30, 2017) (dismissing false arrest count and related conspiracy count, holding

5

that "Plaintiff bases his civil conspiracy claim on his allegations of false arrest, the injury for which potentially lasted until plaintiff was held pursuant to legal process. Therefore, plaintiff's claim for civil conspiracy is barred by the statute of limitations.").

## III. CONCLUSION

Because Plaintiff's claims are all barred by the applicable statute of limitations, it is hereby **ORDERED AND ADJUDGED** that Defendants Luis Rivera and Ricky Libman's Motions to Dismiss (ECF Nos. 6, 31) are **GRANTED**. Plaintiff's Complaint (ECF No. 1-3) is **DISMISSED WITH PREJUDICE**. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED AS MOOT**, all hearings are **CANCELLED**, and all deadlines are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 25th day of November, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE